

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

JEAN BRUMFIELD                                    CIVIL ACTION

VERSUS                                            NO. 00-295

BURL CAIN, WARDEN                                 SECTION "B" (2)

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that no federal evidentiary hearing is necessary. See 28 U.S.C. § 2254(e)(2). For the following reasons, I recommend that the instant petition for habeas corpus relief be **DENIED** and the petition **DISMISSED WITH PREJUDICE** because it is untimely.

I.    BACKGROUND

Petitioner, Jean Brumfield, is an inmate incarcerated in the Louisiana State Penitentiary at Angola, Louisiana. He was tried by a jury in the Criminal District Court

DATE OF MAILING ___ **MAY 3 1 2000** _____

DATE OF ENTRY
MAY 3 1 2000



for Orleans Parish in August 1993 on one count of second degree murder. The jury found him guilty and he was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.

Petitioner seeks habeas corpus relief in this Court on six grounds: (1) He was deprived of his right of confrontation when his trial counsel stipulated to the cause of the victim's death. (2) The stipulation denied him due process because the burden shifted to him to prove that the killing was committed by intervening killers. (3) Jury exposure to extraneous influences denied him his fundamental right to a fair trial. (4) The State withheld exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83, 87 (1963). (5) His trial counsel was ineffective at both the guilt and sentencing phases of the trial. (6) Louisiana's mandatory sentencing statute unconstitutionally prevents consideration of relevant mitigating circumstances. Memorandum in Support of Petition for Writ of Habeas Corpus, Attachment to Record Doc. No. 1. Disposition of petitioner's claims as recommended herein rests on a purely legal basis, and the facts of his case, as they pertain to the conviction Brumfield challenges, are not at issue.

## II.    PROCEDURAL HISTORY

Brumfield was convicted on August 24, 1993 and sentenced in the Criminal District Court for Orleans Parish on August 31, 1993. His conviction and sentence were affirmed by the Louisiana Fourth Circuit Court of Appeal on June 15, 1994. State v. Brumfield,

639 So. 2d 312 (La. App. 4th Cir. 1994).  His conviction became final on July 15, 1994,

thirty days after the Fourth Circuit affirmed his conviction and sentence and he failed to

seek rehearing or appeal to the Louisiana Supreme Court.  La. S. Ct. R. 10 § 5(a).

Although he had not yet filed a post-conviction relief application in the state trial

court, Brumfield sought writs in the Fourth Circuit for post-conviction relief under Docket

No. 97-K-0094 on January 14, 1997.[1]  The Fourth Circuit denied the writ application on

March 12, 1997.  Fourth Circuit opinion, No. 97-K-0094, State Rec. Vol. 1 of 2.

The State argues that Brumfield never filed an application for post-conviction relief

in the Criminal District Court for Orleans Parish, while Brumfield states that he filed an

application within three years of the date his conviction became final.  The state court

record contains a post-conviction relief application that is stamped on the second page of

the application "received" by the Clerk of Criminal District Court on May 23, 1997.  State

Rec. Vol. 1 of 2, Post-conviction Relief Application, at p. 2.  It thus appears that

Brumfield filed a post-conviction relief application in the state trial court after the Fourth

Circuit had ruled on his writ application.

---

[1]A copy of this application is not in the record because the Louisiana State University Law Library, where duplicate appellate records are stored, is in the process of moving those records to offsite storage. State's Response to Petition, Record Doc. No. 4, at p. 1, and attached letter from Vice-Chancellor of Louisiana State University Law School.  However, the filing date was verified by a telephone call by staff of the undersigned magistrate judge to the Clerk of Court of the Louisiana Fourth Circuit Court of Appeal, and a copy of the writ application is not necessary to disposition of the instant petition.

Brumfield contends that the trial court never ruled on this application. However, the trial court entered judgments stating "writ denied" on June 25, 1997 and, for unknown reasons, again on September 24, 1998. State Rec. Vol. 1 of 2.

On August 20, 1998, Brumfield filed a writ application in the Louisiana Supreme Court under Docket No. 98-KH-2249, seeking review of the Fourth Circuit's denial of his writ application. State Rec. Vol. 2 of 2. The Court denied this application on January 15, 1999. State ex rel. Brumfield v. State, 736 So. 2d 199 (La. 1999).

On January 28, 2000, Brumfield filed the instant petition for habeas corpus relief in this Court, which for the reasons set out below is considered filed as of January 5, 2000, the date on which he signed the certificate of service.

III.    ANALYSIS

A.    Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[2] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to

_____

[2]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

Brumfield's petition, which, for reasons discussed below, was deemed submitted to this Court no earlier than January 5, 2000 and was actually filed in this Court on January 28, 2000.

The threshold question in habeas review under the amended statute is whether the claim raised by the petitioner was adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b) and (c)). The State concedes that petitioner has exhausted his state court remedies. However, there is merit in the State's alternative argument that the petition is untimely.

B.    Brumfield's Petition Is Barred by the Statute of Limitations

The State contends that petitioner's writ application is time-barred under the AEDPA. Section 2244(d)(1) of the amended statute requires a petitioner to bring his Section 2254 claims within one year of the date his conviction became final.[3] Brumfield's

---

[3]Specifically, Section 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if

5

conviction became final on July 15, 1994, thirty days after the Fourth Circuit affirmed his conviction and sentence and he failed to seek rehearing or appeal to the Louisiana Supreme Court.

Under the plain language of the AEDPA, petitioner had until July 15, 1995, one year after his conviction became final, to file a timely federal application for post-conviction relief, but he failed to do so. Thus, literal application of the AEDPA would bar his Section 2254 petition as of July 15, 1995, almost nine months before the amended statute's effective date.

However, the Fifth Circuit disapproved such a literal application of the statute and granted habeas petitioners <u>one year after the effective date</u> of the AEDPA within which to file timely petitions pursuant to 28 U.S.C. §§ 2254 and 2255. <u>Flanagan</u>, 154 F.3d at 200; <u>United States v. Flores</u>, 135 F.3d 1000, 1004 (5th Cir. 1998). "<u>Flores</u> concluded that habeas petitioners must be afforded a reasonable time after AEDPA's effective date for the

the movant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

6

filing of petitions for collateral relief based upon claims that would otherwise be time-barred before AEDPA's April 24, 1996 effective date." Flanagan, 154 F.3d at 200 (citing Flores, 135 F.3d at 1004-05). "[P]etitioners . . . whose claims would otherwise be time-barred prior to the April 24, 1996 effective date of AEDPA, now have one year after the April 24, 1996 effective date of AEDPA in which to file a § 2254 petition for collateral relief." Id. (citing Flores, 135 F.3d at 1005).

Because Brumfield's conviction became final before the AEDPA's effective date, he was required to file the instant federal habeas petition no later than April 24, 1997. Applying the mailbox rule, the earliest date on which his petition to this Court could be deemed filed is January 5, 2000.[4] Thus, his petition was filed more than two years and eight months after the April 24, 1997 deadline imposed by the AEDPA and must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the Fifth Circuit has held that the one-year period of limitations in Section 2244(d)(1) of the AEDPA may be equitably tolled, but only in "rare and exceptional

---

[4]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the Court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995); Lara v. Johnson, 141 F.3d 239, 241 n.2 (5th Cir. 1998); Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993). Brumfield's application was filed by the Clerk of Court on January 28, 2000. Brumfield signed and dated the application on January 5, 2000, which would be the earliest date when he could have delivered it to prison officials for mailing.

circumstances." Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998), cert. denied, 119 S. Ct. 847 (1999); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999). In this case, Brumfield has asserted no reasons that might constitute exceptional circumstances why the one-year period should be considered equitably tolled, and my review of the record reveals none that might fit the restrictive boundaries of "exceptional circumstances" described in recent decisions. See Coleman, 184 F.3d at 402 ("A 'garden variety claim of excusable neglect' does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's seventeen-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 & n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Second, the AEDPA itself provides for interruption of the one-year limitations period, by stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

8

28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does <u>not</u>

create a new, full, one-year term within which a federal habeas petition may be filed at the

conclusion of state court post-conviction proceedings. Rather, decisions of the Fifth

Circuit and other courts cited below have held that this statute is a tolling provision in that

the time during which state court post-conviction proceedings are pending must merely be

subtracted from the one-year limitations period.

> [Section] 2244(d)(2) provides that the period during which a properly filed
> state habeas application is pending must be excluded when calculating the
> one[-]year period. Under the plain language of the statute, any time that
> passed between the time that [petitioner's] conviction became final and the
> time that his state application for habeas corpus was properly filed must be
> counted against the one[-]year period of limitation.

<u>Flanagan</u>, 154 F.3d at 199 n.1; <u>accord</u> <u>Brisbane v. Beshears</u>, 161 F.3d 1, No. 98-6747,

1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (unpubl. opin.); <u>Gray v. Waters</u>, 26 F.

Supp. 2d 771, 771-72 (D. Md. 1998), <u>appeal dismissed</u>, No. 98-7784, 1999 WL 270370,

at *1 (4th Cir. May 4, 1999).

However, as outlined above, the Fifth Circuit has noted that the AEDPA, which

applies to Brumfield's federal habeas petition, clearly states that "any time that passed

<u>between the time</u> that [Brumfield's] conviction became final and the time that his state

application for habeas corpus was properly filed <u>must be counted against</u> the one[-]year

period of limitation." <u>Flanagan</u>, 154 F.3d at 199 n.1 (emphasis added).

Brumfield contends that his habeas corpus petition is timely because he filed a post-conviction relief application in the state trial court within the three-year time period of Louisiana Code of Criminal Procedure article 930.8.[5]  This contention is irrelevant to determining the timeliness of Brumfield's federal habeas corpus petition, which is governed by 28 U.S.C. § 2244(d) and the rule announced in <u>Flanagan</u>.  As the following chronology demonstrates, Brumfield's habeas corpus petition was untimely under federal law.

Brumfield's conviction was affirmed by the Fourth Circuit on June 15, 1994 and became final on July 15, 1994 when he failed to seek rehearing or appeal to the Louisiana Supreme Court.  His state court post-conviction relief application affects the running of the AEDPA statute of limitations as follows.

When the AEDPA went into effect on April 24, 1996, Brumfield had no post-conviction relief application pending in any state court.  The statute of limitations therefore began to run against him on that date and continued to run until January 14, 1997, when

---

[5]Article 930.8(A), as it was in effect when Brumfield filed his post-conviction relief application in the state court, provided that "[n]o application for post conviction relief . . . shall be considered if it is filed more than three years after the judgment of conviction and sentence . . . ."  La. Code Crim. P. art. 930.8(A).  The statute was amended in 1999 to reduce the time limit from three to two years.  However, the amendment does not affect applications like Brumfield's that were timely filed under the old law and are filed before October 1, 2001.  1999 La. Acts 1262, § 1 (codified at La. Code Crim. P. art. 930.8(A), (A)(3)).

10

he filed a writ application in the Fourth Circuit.[6]  Thus, 265 days of the statute of limitations had expired when Brumfield filed his writ application on January 14, 1997, leaving 100 days remaining within which to file his habeas corpus petition when the limitations period began to run again.  The limitations period was suspended while his writ application was pending in the Fourth Circuit from January 14, 1997 through March 12, 1997.  28 U.S.C. § 2244(d)(2).

The statute of limitations began to run again on March 13, 1997 and ran for 72 days until May 23, 1997, when petitioner filed his post-conviction relief application in the trial court.  Brumfield then had 28 days remaining within which to file his habeas corpus petition.  The limitations period was suspended from May 23, 1997 until June 25, 1997, when the trial court entered judgment denying Brumfield's application.  The limitations period ran again from June 26, 1997 until August 20, 1998, when he filed his writ application with the Supreme Court.  However, petitioner's remaining 28 days of the limitations period expired on July 20, 1997.

---

[6]The Court assumes without deciding that the January 14, 1997 writ application was a "properly filed" application for State post-conviction or other collateral review," although petitioner had not yet sought post-conviction relief in the trial court, as required by Louisiana law (see La. Code Crim. P. arts. 925, 926, 930.6), and further assumes without deciding that his subsequent post-conviction relief application in the trial court was also properly filed.  These assumptions are favorable to Brumfield in that they give him the benefit of tolling the statute of limitations while each of those applications was pending.

11

Because Brumfield had no applications for post-conviction relief pending in any state court between June 26, 1997 and July 20, 1997, the statute of limitations was not suspended during that time. Therefore, the statute of limitations expired on July 20, 1997.

Petitioner argues that the Fourth Circuit and the Supreme Court had no jurisdiction to hear his writ applications filed on January 14, 1997 and August 20, 1998, respectively, because the trial court had not yet ruled on his post-conviction relief application (which he did not file until after the Fourth Circuit had denied his writ application). This argument does not save Brumfield from the time bar. If the state appellate courts lacked jurisdiction, then the statute of limitations was <u>not</u> suspended between January 14, 1997 and March 12, 1997 during the pendency of his Fourth Circuit writ application. Instead, the statute of limitations ran against petitioner from April 24, 1996, the effective date of the AEDPA, without any suspension until April 24, 1997, the end of the one-year AEDPA grace period. Thus, under this analysis, the statute of limitations would have expired on April 24, 1997, making Brumfield's petition in this Court even more untimely.

Brumfield did not file his petition in this Court until January 5, 2000, more than two years after the statute of limitations had expired under either scenario. Accordingly, his petition is time-barred and should be dismissed with prejudice.

12

## RECOMMENDATION

For all of the foregoing reasons, it is recommended that the petition of Jean Brumfield for habeas corpus relief be **DENIED** and the case **DISMISSED WITH PREJUDICE** as untimely.

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this _30th_ day of May, 2000.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

13